# Exhibit A

Gwertzman File No.: GNY 00682
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

GREATER NEW YORK MUTUAL INSURANCE
COMPANY as subrogee of BELL APARTMENT OWNERS
CORP.,

                              Plaintiff,

          -against-

CARRIER CORPORATION,

                              Defendant.

-----------------------------------------------------------------------X

*Index #*

Plaintiff designates
NEW YORK County
as the place of trial

The basis of the venue is
Plaintiff's Place of Business

**SUMMONS**

Plaintiff resides at
200 Madison Avenue
New York, New York
County of New York

To the above-named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 2, 2026

_[signature]_

Defendant's Addresses:

<u>Carrier Corporation</u>
1350 Broadway, Suite 2300
New York, New York

c/o United Agent Group Inc.
600 Mamaroneck Avenue, #400,
Harrison, New York 10528

_____
Christian Sedereas
GWERTZMAN LEFKOWITZ
& SULLIVAN PLLC
Attorneys for Plaintiffs
The Chanin Building
122 East 42nd Street, Suite 1607
New York, N.Y. 10168
(212) 968-1001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
GREATER NEW YORK MUTUAL INSURANCE
COMPANY as subrogee of BELL APARTMENT OWNERS
CORP.,

*Index #*

**COMPLAINT**

Plaintiff,

-against-

CARRIER CORPORATION,

Defendant.
------------------------------------------------------------------------X

Plaintiff, Greater New York Mutual Insurance Company as subrogee of Bell Apartment Owners, Corp., complaining of the Defendant herein, by and through its attorneys, Gwertzman Lefkowitz & Sullivan, PLLC, hereby alleges as follows:

**PARTIES**

1. Plaintiff, Greater New York Mutual Insurance Company (hereinafter "GNY"), was and still is a domestic corporation existing under and by virtue of the laws of the State of New York and is licensed to conduct the business of insurance by the New York State Department of Financial Services.

2. Upon information and belief, and at all times hereinafter mentioned, Bell Apartment Owners, Corp. (hereinafter "Bell Apartment") was and still is a domestic corporation existing under and by virtue of the laws of the State of New York.

3. At all relevant times, upon information and belief, Carrier Corporation ("Carrier") was and still is a foreign corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

4. At all relevant times, Carrier transacted business within the State of New York and purposefully availed itself of the privileges of conducting activities in New York by, among other things, entering into contracts to install, service, and maintain chillers, dispatching its employees and/or agents to perform such work within New York, and deriving revenue from those activities.

5. At all relevant times, upon information and belief, on or before May 23, 2024, Bell Apartment was the owner of the Building located at 18-65 211th Street, Bayside, New York 11360 (the "Building").

6. Upon information and belief, on or about February 5, 2018, the Carrier and Bell Apartment entered into a Contract regarding installation of Carrier 23XRV Centrifugal Chiller ("the Chiller") at the Building.

7. At all relevant times, upon information and belief, on or before June 1, 2018, the Carrier and Bell Apartment entered into a Contract regarding the installation and maintenance of Carrier 23XRV Centrifugal Chiller at the Building.

8. At all relevant times, upon information and belief, on or before May 23, 2024, Carrier was retained to install the Chiller at the Building.

9. At all relevant times, upon information and belief, on or before May 23, 2024, Carrier was retained to maintain the Chiller at the Building.

10. At all relevant times, on or about May 23, 2024, while Carrier's workers were starting up the Chiller in course of its service agreement, located in the mechanical room, there was a fire which originated withing the Chiller, which resulting in extensive and severe damage to Plaintiff's subrogor's property (the "Loss").

11. The Loss was caused solely as a result of the negligence of Defendant, without any negligence on the part of Plaintiff or its subrogor contributing thereto.

12. That as a direct and proximate result of the foregoing, the Building sustained property damage in the amount of $995,068.61.

13. That the aforementioned damage was sustained without any negligence on the part of Bell Apartment.

14. That at all times hereinafter mentioned, on or prior to May 23, 2024, GNY insured Bell Apartment for certain property damage and other damage under policy number 1131M46082 ("Policy").

15. That subsequent to May 23, 2024, Bell Apartment submitted a claim to GNY under the policy for the damage sustained as a result of the Loss.

16. That pursuant to the aforementioned policy of insurance then in force and in effect, GNY adjusted Bell Apartment's claim for $995,068.61, which includes the $5,000.00 policy deductible.

17. That as a result and to the extent of its payments made to Bell Apartment, GNY became subrogated to all of its rights, claims and causes of action against Defendant herein.

18. As a result of the foregoing, Plaintiff has been damaged in the amount of $995,068.61, together with costs and disbursements of this action, deductibles and interest from May 23, 2024.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT
### NEGLIGENCE

18. At all relevant times, Carrier owed a duty to Plaintiff's subrogor to perform its maintenance work on the chiller in a reasonably safe and workmanlike manner, and in compliance with applicable codes, manufacturer specifications, and accepted industry standards.

19. At the time of the loss, Carrier was actively engaged in maintenance services on the Chiller.

20. In the course of performing that work, Carrier affirmatively acted in a negligent manner, thereby creating a dangerous condition and launching an instrument of harm.

21. Carrier breached its duty of care in the following respects, including but not limited to:

   a. Failing to perform required maintenance tasks necessary to ensure the chiller could be safely energized and operated;

   b. Improperly performing work on the chiller, including work on electrical and mechanical components critical to safe startup;

   c. Improperly conducting startup procedures, contrary to manufacturer requirements and industry standards;

   d. Improperly performing maintenance services;

   e. Energizing the chiller without completing proper pre-start safety checks, inspections, and verifications;

   f. Incorrectly sequencing the startup process, thereby placing the chiller into an unsafe operating condition;

   g. Creating a new and dangerous condition during its maintenance and services, including introducing or failing to correct hazardous electrical or mechanical conditions;

   h. Failing to address or remediate known or observable issues present prior to or during its maintenance services; and

   i. Failing to suspend maintenance service despite the existence of unsafe conditions that Carrier knew or should have known posed a risk of fire.

22. As a direct and proximate result of Carrier's negligent acts and omissions during its maintenance service on May 23, 2024, a fire originated within the chiller, causing extensive damage to Plaintiff's subrogor's property.

23. The loss was caused solely and exclusively by Carrier's negligence, without any negligence, fault, or culpable conduct on the part of Plaintiff or its subrogor.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $995,068.61 together with costs and disbursements of this action, deductibles and interest from May 23, 2024.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT
## BREACH OF CONTRACT

24. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25. At all relevant times, Carrier was a party to a written service agreement with Plaintiff's subrogor pursuant to which Carrier was obligated to inspect, service, and maintain the chiller in a proper, workmanlike, and safe manner, and in accordance with manufacturer specifications, applicable codes, and accepted industry standards.

26. Upon information and belief, the service agreement between Defendant Carrier Corporation and Plaintiff's subrogor was renewed and in full force and effect as of June 13, 2023, pursuant to a renewal service agreement dated May 23, 2023, under which Carrier continued to perform maintenance services on the chiller at the time of the loss.

27. Pursuant to the maintenance contract, Carrier was required, among other things, to perform required maintenance tasks, conduct proper inspections, and ensure that the chiller could be safely energized and placed into operation without creating a hazardous condition.

28. Carrier materially breached the maintenance contract by failing to perform its contractual maintenance obligations in accordance with the contract, including but not limited to failing to properly maintain the chiller and failing to safely and properly perform maintenance service, which directly resulted in the chiller being placed into operation in an unsafe condition.

29. As a direct and proximate result of Carrier's breaches of the maintenance contract, a fire originated within the chiller, causing extensive damage to Plaintiff's subrogor's property.

30. By reason of the foregoing, Plaintiff has been damaged in the amount of $995,068.61.

**WHEREFORE,** Plaintiff demands judgment against Defendant in the amount of $995,068.61 together with costs and disbursements of this action, deductibles and interest from May 23, 2024.

Dated: New York, New York
　　　　February 2, 2026

　　　　　　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Christian Sedereas
　　　　　　　　　　　　　　　　　　　　GWERTZMAN LEFKOWITZ
　　　　　　　　　　　　　　　　　　　　SULLIVAN PLLC
　　　　　　　　　　　　　　　　　　　　Attorney(s) for Plaintiffs
　　　　　　　　　　　　　　　　　　　　The Chanin Building
　　　　　　　　　　　　　　　　　　　　122 East 42nd Street, Suite 1607
　　　　　　　　　　　　　　　　　　　　New York, New York 10168
　　　　　　　　　　　　　　　　　　　　(212) 968-1007